UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CITIZENS STATE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL SCOTT LESLIE, MONTAGE | § | 6:18-cv-237 |
| MORTGAGE, LLC, SNOWBERRY | § | |
| SETTLEMENTS, LLC, MORTGAGE | § | |
| CAPITAL MANAGEMENT, LLC, | § | |
| TRAVELERS BOND AND SPECIALTY | § | |
| INSURANCE, TRAVELERS CASUALTY | § | |
| AND SURETY COMPANY OF AMERICA, | § | |
| and THE TRAVELERS INDEMNITY | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF REMOVAL BY DEFENDANTS
TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA
AND THE TRAVELERS INDEMNITY COMPANY**

Defendants, Travelers Casualty & Surety Company of America ("Travelers Casualty")
and The Travelers Indemnity Company ("Travelers Indemnity") (collectively Travelers Casualty
and Travelers Indemnity are referred to herein as "Travelers"), file this their Notice of Removal
pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby removing this
lawsuit from the District Court of McLennan County, Texas to this Court, and would respectfully
show the Court as follows:

**I.
PARTIES**

1.     Plaintiff Citizens State Bank ("Citizens") is a financial institution organized under
the laws of Texas with its principal place of business in Waco, McLennan County, Texas. For

purposes of diversity of citizenship, Citizens is a citizen of Texas but not a citizen of Connecticut.

2.      Defendant Michael Scott Leslie ("Leslie") is a resident and citizen of the State of Colorado. For purposes of diversity of citizenship, Leslie is a citizen of Colorado but not a citizen of Texas.

3.      Defendant Montage Mortgage, LLC ("Montage") is a limited liability company formed under the laws of Texas with its principal place of business in Charlotte, North Carolina. On information and belief, Leslie and Julie Leslie are the only members of Montage and are residents and citizens of the State of Colorado. For purposes of diversity of citizenship, Montage is a citizen of Texas, North Carolina, and Colorado. Montage has been improperly joined as a defendant in this lawsuit and thus its citizenship should be ignored for purposes of determining diversity of citizenship.

4.      Defendant Snowberry Settlements, LLC ("Snowberry") is a limited liability company formed under the laws of Colorado with its principal place of business in Louisville, Colorado. On information and belief, Leslie and Julie Leslie are the only members of Snowberry and are residents and citizens of the State of Colorado. For purposes of diversity of citizenship, Snowberry is a citizen of Colorado but not a citizen of Texas.

5.      Defendant Mortgage Capital Management, LLC ("MCM") is a limited liability company formed under the laws of Colorado with its principal place of business in Alexandria, Virginia. On information and belief, Leslie and Julie Leslie are the only members of MCM and are residents and citizens of the State of Colorado. For purposes of diversity of citizenship, MCM is a citizen of Virginia and Colorado but not a citizen of Texas.

6.    Defendant "Travelers Bond and Specialty Insurance" has been wrongfully sued in this lawsuit. It is not a separate legal entity. Instead, it is a business unit of the Travelers Companies, Inc. Thus, its citizenship should be ignored for purposes of determining diversity of citizenship.

7.    Defendant Travelers Casualty is an insurance company licensed to do business in the State of Texas, which is incorporated under the laws of the State of Connecticut and which has its principal place of business in the State of Connecticut. For purposes of diversity of citizenship, it is a citizen of Connecticut but not a citizen of Texas.

8.    Defendant Travelers Indemnity is an insurance company licensed to do business in the State of Texas, which is incorporated under the laws of the State of Connecticut and which has its principal place of business in the State of Connecticut. For purposes of diversity of citizenship, it is a citizen of Connecticut but not a citizen of Texas.

## II.
## PROCEDURAL BACKGROUND

9.    On December 6, 2017, Citizens filed the lawsuit styled *Citizens State Bank v. Michael Scott Leslie, Montage Mortgage, LLC, Snowberry Settlements, LLC, and Mortgage Capital Management, LLC*, in the District Court of McLennan County, Texas, Cause No. 2017-4071-5 (the "State Court Lawsuit"). On July 17, 2018, Citizens filed an amended petition purporting to add Travelers Bond & Specialty Insurance as a defendant. On July 30, 2017, Citizens again amended its petition to add Travelers Casualty and Travelers Indemnity as additional defendants (the "Amended Petition). As required by 28 U.S.C. § 1446(a), a true and correct copy of the entire record in the State Court Lawsuit, including the Amended Petition and all process, pleadings and orders served upon the defendants in the State Court Lawsuit, is attached hereto as Exhibit 1 and incorporated herein by reference.

10.     On August 15, 2018, Travelers was served for the first time with a citation in the State Court Lawsuit. True and correct copies of the citations served upon Travelers are attached hereto as Exhibit 2 and incorporated herein by reference. Accordingly, removal of this civil action is filed within thirty days after receipt by Travelers of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b)(1). Because Citizens' claims against Leslie, Montage, Snowberry, and MCM (collectively the "Fraud Defendants") and Citizens' claims against Travelers are fraudulently misjoined, as demonstrated hereafter, the Fraud Defendants are not required to join in this Notice of Removal. *See Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993)(requiring consent of improperly joined parties would be nonsensical, as removal in those cases is based upon the contention that the party is not a proper party to the suit); *Cash v. Am. Honda Motor Co*., No. SA-13-CA-925, 2013 U.S. Dist. LEXIS 194741, at *4-5 (W.D. Tex. Dec. 9, 2013); *Flanders v. Fortis Ins. Co*., No. SA-05-0726-RF, 2005 U.S. Dist. LEXIS 43350, at *9 (W.D. Tex. Nov. 14, 2005).

### III.
### VENUE

11.     Venue is proper in this Court under 28 U.S.C. § 1441(a), because this district and division of this Court embraces McLennan County, Texas, the place where the State Court Lawsuit was filed.

### IV.
### NATURE OF ACTION

12.     This case arises from losses Citizens allegedly suffered as the result of the Fraud Defendants' alleged fraud and theft of loan proceeds associated with Citizens' Temporary Mortgage Participation Program. Citizens claims that the Fraud Defendants engaged in a scheme that involved Citizens' wiring of money to the Fraud Defendants to purchase fictitious interests in phantom mortgage loans which resulted in Citizens' holding $3,872,745 worth of non-existent

interests in twelve phantom loans with no underlying property to serve as security. Citizens claims that the Fraud Defendants have failed and refused to repay Citizens for the funds it wired for the phantom loans.

13.     Travelers Casualty issued to Citizens a SelectOne+ for Community Banks Insurance Policy, No. 105912142, which included a Financial Institution Bond with Extended Coverages (the "Bond"). Citizens made a claim on the Bond seeking indemnification for the losses it claims as a result of the Fraud Defendants' alleged actions. Travelers Casualty denied that claim.

14.     The causes of action alleged by Citizens in the State Court Lawsuit are set forth in Counts One through Twelve of Citizens' Amended Petition. Counts One through Eight are solely against the Fraud Defendants. Count Nine is solely against Montage. Counts Ten through Twelve are solely against Travelers.

15.     In particular, in Count One of the Amended Petition, directed toward the Fraud Defendants, Citizens claims damages resulting from the Fraud Defendants' "false representations to Citizens regarding the Phantom Loans." Amended Petition at ¶ 33. As a result of the Fraud Defendants' alleged fraud, Citizens seeks damages against them in the amount of $3,872,745, as well as exemplary damages, attorneys' fees, costs, and prejudgment and post-judgment interest. No allegations are made against Travelers in Count One.

16.     In Count Two of the Amended Petition, directed solely toward the Fraud Defendants, Citizens alleges that "[t]he actions of the Fraud Defendants constitute civil theft because the Fraud Defendants knowingly and without effective consent appropriated money belonging to Citizens for the purpose of using that property for their own benefit." *Id*. at ¶ 37. As a result of the Fraud Defendants' alleged theft, Citizens seeks damages against them in the

amount of $3,872,745, as well as exemplary damages, attorneys' fees, costs, and prejudgment and post-judgment interest. No allegations are made against Travelers in Count Two.

17.      In Count Three of the Amended Petition, directed solely toward the Fraud Defendants, Citizens alleges that "[t]he Fraud Defendants made false representations to Citizens to induce Citizens to purchase phantom interests in fictitious mortgage loans[.]" *Id.* at ¶ 40. Citizens also alleges that it relied on the Fraud Defendants' false representations before funding the phantom loans. As a result of the Fraud Defendants' alleged fraudulent inducement, Citizens seeks damages against them in the amount of $3,872,745, as well as exemplary damages, attorneys' fees, costs, and prejudgment and post-judgment interest. No allegations are made against Travelers in Count Three.

18.      In Count Four of the Amended Petition, directed solely toward the Fraud Defendants, Citizens alleges that "[t]he Fraud Defendants hold money that, in equity and good conscience, belongs to Citizens. Specifically, the Fraud Defendants defrauded Citizens into wiring money to purchase fictitious interests in the Phantom Loans and stole the money." *Id.* at ¶ 42. As a result of the Fraud Defendants' actions, Citizens seeks the return of the money that it wired to the Fraud Defendants. No allegations are made against Travelers in Count Four.

19.      In Count Five of the Amended Petition, directed solely toward the Fraud Defendants, Citizens alleges that "[t]he Fraud Defendants owed a duty of care to Citizens. The Fraud Defendants failed to exercise ordinary care and acted negligently . . . . Citizens has been injured as a proximate result of the Fraud Defendants' negligence . . . ." *Id.* at ¶ 43. No allegations are made against Travelers in Count Five.

20.      In Count Six of the Amended Petition, directed solely toward the Fraud Defendants, Citizens alleges that the Fraud Defendants committed overt acts pursuant to a

common scheme designed to steal money from Citizens. As a result of the Fraud Defendants conspiracy, Citizens contends that the Fraud Defendants "are jointly and severally liable for their tortious conduct. [And] Citizens has been injured as a proximate result of the conspiracy . . . ." *Id.* at ¶ 44. No allegations are made against Travelers in Count Six.

21.     In Count Seven of the Amended Petition, directed solely toward the Fraud Defendants, Citizens alleges that "[t]he Fraud Defendants acted with knowledge of each other's tortious conduct . . . and provided substantial assistance and encouragement to each other to effectuate their respective tortious acts." *Id.* at ¶ 45. As a result of the Fraud Defendants' actions of aiding and abetting, Citizens contends that "[t]he Fraud Defendants are therefore liable for aiding and abetting the tortious acts alleged herein. Citizens has been injured as a proximate result of the Fraud Defendants actions . . . ." *Id.* No allegations are made against Travelers in Count Seven.

22.     In Count Eight of the Amended Petition, directed solely toward the Fraud Defendants, Citizens alleges that "[t]he Fraud Defendants wrongfully stole money from Citizens by creating, delivering, and selling Citizens fake interests in the Phantom Loans." *Id.* at ¶ 46. As a result of the Fraud Defendants' actions, "Citizens seeks the remedy of unjust enrichment because the Fraud Defendants have been unjustly enriched as a result of their actions. Citizens also seeks the remedy of a constructive trust related to these funds." *Id.* No allegations are made against Travelers in Count Eight.

23.     In Count Nine of the Amended Petition, directed solely toward Montage, Citizens alleges that Montage breached the contracts it entered into with Citizens. As a result, "Citizens has been injured as a proximate result of Montage's breach of contract . . . ." *Id.* at ¶ 47. Although Citizens titles Count Nine as "Breach of Contract (Fraud Defendants)", the only

allegations made are against Montage; no allegations are made against any of the remaining Fraud Defendants. Therefore, there are no allegations made against Leslie, Snowberry, MCM, or Travelers in Count Nine.

24.     In Count Ten of the Amended Petition, directed solely toward Travelers, Citizens alleges that Travelers' failure to pay Citizens' claim under the Bond constitutes a breach of contract. Citizens contends that it has suffered damages as a result of Travelers' alleged breach of contract and "is entitled to pursue all remedies and damages available to it for Travelers' wrongful conduct." *Id.* at ¶ 48. No allegations are made against the Fraud Defendants in Count Ten.

25.     In Count Eleven of the Amended Petition, directed solely toward Travelers, Citizens alleges that Travelers violated the Texas Prompt Pay Statute of section 542.060 of the Texas Insurance Code, "entitling Citizens to the amount of the claim, interest on the amount of the claim at the rate of eighteen percent (18%) a year as damages, together with reasonable attorney's fees." *Id.* at ¶ 49. No allegations are made against the Fraud Defendants in Count Eleven.

26.     In Count Twelve of the Amended Petition, directed solely toward Travelers, Citizens alleges that Travelers' conduct violates sections 541.051, 541.060, and 541.061 of the Texas Insurance Code and section 17.46(b) of the Texas Deceptive Trade Practices Act. Citizens alleges that Travelers' "acts, omissions and conduct singularly or in combination, was a producing cause of Citizens injuries and/or damages. Such conduct was committed knowingly or intentionally, entitling Citizens to additional damages." *Id.* at ¶ 50. Moreover, Citizens alleges that Travelers engaged in "unfair settlement practices, including, without limitation, failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect

to which the insurer's liability has become reasonably clear or failing within a reasonable time to deny coverage." *Id.* at ¶ 51. No allegations are made against the Fraud Defendants in Count Twelve.

## V.
## BASIS OF REMOVAL

27.     The State Court Lawsuit is removable to this Court under 28 U.S.C. §§ 1332(a)(1) and 1441(a). This Court has original jurisdiction based upon diversity of citizenship among the parties because there is complete diversity between Citizens and Travelers. Because Citizens' claims against the Fraud Defendants and Travelers were fraudulently misjoined, the citizenship of the only non-diverse defendant, Montage, may be ignored for purposes of determining diversity jurisdiction.[1] *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Finally, the amount in controversy between the parties, exclusive of interest and costs exceeds $75,000.

## VI.
## DIVERSITY JURISDICTION EXISTS

### A.     Complete Diversity Exists

28.     This case is removable on the basis of diversity of citizenship. There is complete diversity, as required by 28 U.S.C. § 1332, between Plaintiff Citizens and Defendants Travelers. Citizens is a citizen of Texas. Travelers are citizens of Connecticut.

### 1.     Fraudulent Misjoinder.

29.     Citizens has asserted claims against the Fraud Defendants, but courts within the Fifth Circuit hold that the citizenship of a non-diverse defendant is irrelevant and ignored for

---

[1] The citizenship of all the Fraud Defendants is irrelevant for the reasons discussed below, but Montage is the only non-diverse Fraud Defendant.

purposes of determining a federal court's diversity jurisdiction and removal when claims against diverse and non-diverse defendants have been fraudulently misjoined to a lawsuit. *See In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) (citing *Tapscott*, 77 F.3d at 1360) ("misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction"); *see also In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) ("without detracting from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction . . . ."); *Texas Instruments, Inc. v. City Grp. Glob. Mkts. Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010).

30.     Fraudulent misjoinder occurs when 1) a non-diverse party has been misjoined with another party in violation of the applicable state's joinder rules; and 2) the misjoinder is sufficiently "egregious" to rise to the level of a fraudulent misjoinder. *Texas Instruments*, 266 F.R.D. at 147; *see also Martinson v. Total Petrochemicals & Ref. USA, Inc.*, No. H-14-555, 2014 U.S. Dist. LEXIS 70817, at *6 (S.D. Tex. May 23, 2014).

      a.      ***The claims against Travelers do not arise out of the same transaction or share a common question to the claims against the Fraud Defendants, and are thus misjoined.***

31.     The first element is satisfied if Texas Rule of Civil Procedure 40 would not permit the defendants to be joined in the same action. *Texas Instruments, Inc.*, 266 F.R.D. at 152-53. That Rule provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to

their respective rights to relief, and against one or more defendants according to their respective liabilities.

Tex. R. Civ. P. 40(a). Rule 40(a) thus establishes two requirements for joining claims against multiple defendants: (1) a "same transaction" requirement and (2) a "common question" requirement. *Texas Instruments, Inc.*, 266 F.R.D. at 148.

32.     Here, the first element of Rule 40 is not satisfied. Citizens cannot establish that the Fraud Defendants and Travelers are jointly or severally liable, or that the Fraud Defendants and Travelers are liable only in the alternative. *See, e.g., Landers v. East Texas Salt Water Disposal Co*., 248 S.W.2d 731, 734 (Tex. 1952) ("Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrongdoers will be held jointly and severally liable for the entire damages and the injury party may proceed to judgment against any one separately or against all in one suit."). Instead, because the Fraud Defendants and Travelers are not joint tortfeasors, Citizens can only potentially recover from the Fraud Defendants and Travelers for each of their separate alleged wrongful conduct.

33.     Moreover, Citizens' claims against the Fraud Defendants and Citizens' claims against Travelers do not arise out of the same transaction. Instead, Citizens' claims against the Fraud Defendants (fraud and theft) are substantially different from Citizens' claims against Travelers (breach of contract and bad faith), and the two events from which Citizens' claims arise—the alleged theft and the denial of benefits—occurred over eight months apart. Therefore, the claims alleged against the Fraud Defendants and those alleged against Travelers arise out of separate transactions and occurred at separate times. *See, e.g., Nsight Technologies, LLC v. Fed. Ins. Co.*, No. 3:09-CV-6-WHB-LRA, 2009 U.S. Dist. LEXIS 38556, at *12-13 (S.D. Miss. Apr. 23, 2009); *see also Tri-Miss Servs. v. Fairley*, No. 2:12-CV-152-KS-MTP, 2012 U.S. Dist.

LEXIS 163298, at *9-10 (S.D. Miss. Nov. 15, 2012). Therefore, Rule 40's "same transaction" requirement is not met.

34.      Because Citizens' claims do not arise out of the same transaction, it is unnecessary for this Court to analyze whether Citizens' claims involve common questions of fact or law, as joinder is proper only if the claims against all defendants arise out of the same transaction *and* if questions of fact or law are common to the claims against all the defendants. Tex. R. Civ. P. 40(a); *see also Texas Instruments, Inc*., 266 F.R.D. at 148 ("Any potential party who does not satisfy both of these requirements may not be joined as defendants."). But it is nonetheless clear that the second element of Rule 40 is similarly not satisfied.

35.      There is no question of law or fact common to whether the Fraud Defendants are liable for Citizens' loss of the loan proceeds and whether the Bond Travelers issued provides coverage to Citizens for its alleged loss. Indeed, whether the Fraud Defendants engaged in any wrongdoing, such as fraud and theft, which resulted in Citizens' alleged loss has nothing to do with whether Citizens meets the requirements for coverage under the Bond. Citizens' claims against the Fraud Defendants involve only facts relating to their alleged fraud and theft. Conversely, the claims against Travelers concern coverage and alleged bad faith issues. Specifically, Travelers denied coverage under the Bond because: 1) Citizens failed to comply with the Bond's condition precedent that Citizens have actual physical possession of the original loan documents before extending credit, and 2) Citizens did not act in good faith in extending credit. The theft and fraud claims against the Fraud Defendants involve none of these issues— they revolve solely around whether the Fraud Defendants engaged in fraud and stole money from Citizens. Clearly, whether Citizens was in possession of the original loan documents or acted in good faith has nothing whatsoever to do with whether the Fraud Defendants perpetrated a fraud

on Citizens and stole the loan proceeds. None of those facts or the legal arguments related to them are relevant to Citizens' coverage suit against Travelers. Similarly, whether Travelers acted in bad faith in denying the insurance claim has nothing to do with whether the Fraud Defendants engaged in fraud and theft against Citizens.

36.     The claims against the Fraud Defendants are based upon the torts of theft and fraud, while the claims against Travelers, diverse defendants, sound in contract and allege a bad-faith withholding of insurance benefits. Whether the Bond provides coverage is a question of contract interpretation that does not hinge at all on whether the Fraud Defendants engaged in fraud or theft (for purposes of the Bond, Travelers does not dispute that the Fraud Defendants stole the money). As such, the claims against the Fraud Defendants and Travelers present different issues of fact and law because the claims against Travelers are grounded in contract law, and the claims against the Fraud Defendants are based on tort theories. Therefore, the claims asserted against the Fraud Defendants and the claims asserted against Travelers do not share a common question of law or fact, and thus, Rule 40's "common question" requirement is not met.

37.     The weight of authority that has analyzed analogous situations has held that claims against insurance companies are misjoined to claims against the underlying tortfeasor. *See JYC Enter. Inc. v. Allied Prop. & Cas. Ins.*, 230 F. Supp. 3d 734 (S.D. Tex. 2017) (holding that an insurance claim over business income losses resulting from a fire did not involve the same questions of law or fact as a claim against a party whose negligence allegedly caused the fire); *HC4, Inc. Emp. Stock Ownership Plan v. HC4, Inc.*, No. CIV A. H-15-0872, 2016 U.S. Dist. LEXIS 3361 (S.D. Tex. Jan. 11, 2016) (holding that the tort claims in the underlying lawsuit were separate and distinct from the claims for insurance under the insurance policy); *Morris v. Cary's Lake Homeowners Ass'n*, No. 3:16-cv-00880-JMC, 2016 U.S. Dist. LEXIS 81038, at *9-

15 (D.S.C. June 22, 2016) (claims against entities that negligently caused a flood fraudulently misjoined to claims of bad faith and breach of contract against an insurance company for coverage of the property damage); *Ortiz v. A.N.P., Inc.*, No. 10-cv-917, 2010 U.S. Dist. LEXIS 96495, at *15-16 (S.D. Tex. Sept. 14, 2010) (fraudulent misjoinder where no questions of law were common to a negligence claim and a claim for indemnification of the damages arising out of that negligence against an insurance company); *Nsight Technologies, LLC*, 2009 U.S. Dist. LEXIS 38556, at *5 (concluding that a claim for conversion against a wrongdoer and a claim for breach of contract against an insurer for coverage of the conversion loss arose out of separate allegations of wrongdoing occurring at separate times and were therefore misjoined); *Deforneaux v. Metro Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 U.S. Dist. LEXIS 61550, at *4-5 (E.D. La. Aug. 30, 2006) (severing negligence claims for damage caused by Hurricane Katrina from insurance claims because the latter were "grounded in contract law," whereas the latter were "based on negligence and tort theories"); *Madison Materials Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-14 WS, 2004 U.S. Dist. LEXIS 31111, at *13 (S.D. Miss. Sept. 14, 2004) (finding the claims unrelated because the claims against the non-diverse employee were based upon the torts of embezzlement and conversion, while claims against the fidelity bond insurer, the diverse defendant, sounded in breach of an insurance contract and a bad faith withholding of insurance benefits); *Smith v. Nationwide Mut. Ins. Co.*, 268 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (holding that the plaintiff has "combined unrelated lawsuits resulting in a fraudulent misjoinder" by joining claims "based on negligence relating to the accident in question" with claims against an insurer that sounded "in contract, [for] failure to pay benefit claims").

38.    Because the claims against the Fraud Defendants and the claims against Travelers arise out of different transactions (theft and fraud versus Travelers' denial of coverage) and do

not share a common question, Citizens improperly joined its claims against Travelers to the suit against the Fraud Defendants. There is thus a misjoinder of the parties and Citizens' claims against the Fraud Defendants and Travelers are misjoined under Rule 40.

**b.**     *Citizens' misjoinder of the claims is egregious.*

39.     Because the claims asserted against the Fraud Defendants and Travelers are misjoined under Rule 40, the next step is to determine whether the misjoinder is egregious. Courts in the Fifth Circuit suggest that misjoinder is so egregious as to be fraudulent in the following three situations:

> (1) two or more lawsuits with little or no party overlap have been combined in the same action (i.e., there are multiple plaintiffs and defendants, but each plaintiff or discrete set of plaintiffs is suing only one defendant or a discrete set of defendants); (2) numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element other than the presence of the common defendant; and (3) *a single plaintiff or group of plaintiffs has joined multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated.*

*Texas Instruments, Inc.*, 266 F.R.D. at 149 (emphasis added).

40.     The United States District Court for the Northern District of Texas in *Texas Instruments, Inc. v. City Group Global Markets Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010), favorably cited *Nsight Technologies, LLC v. Federal Insurance Company*, No. 3:09-CV-6-WHB-LRA, 2009 U.S. Dist. LEXIS 38556 (S.D. Miss. Apr. 23, 2009), as an example of the third type of situation that would support a finding of fraudulent misjoinder. In *Nsight*, the insured sued its former employee for conversion, alleging she had embezzled company funds. *Nsight Technologies, LLC*, 2009 U.S. Dist. LEXIS 38556, at *2. In the same action, the insured also sued its insurer for bad-faith breach of a fidelity bond. *Id*. The court found that the conversion claim and the breach of contract and bad faith claims arose "out of separate allegations of wrongdoing occurring at separate times" and thus held that the claims against the diverse insurer

and the non-diverse former employee had been fraudulently misjoined. *Id*. at \*12-14. The court emphasized that the two claims raised different factual issues, turned on different legal issues, and would be proved by different evidence. *Id*. As such, the court severed and remanded the claims against the non-diverse employee and retained jurisdiction over the breach of contract and bad faith claims alleged against the insurer. *Id*. at \*14; *see also Tri-Miss Servs.*, 2012 U.S. Dist. LEXIS 163298, at \*9 (reasoning that the claims of embezzlement and conversion against the employees were substantially different from the insured's claims of breach of contract and bad faith under the fidelity bond, and that the two events—the alleged theft and the denial of benefits—occurred over six months apart); *Madison Materials Co.*, 2004 U.S. Dist. LEXIS 31111, at \*13 (finding claims against the non-diverse employee were based upon the torts of embezzlement and conversion, while claims against the fidelity bond insurer, the diverse defendant, alleged breach of an insurance contract and a bad-faith withholding of insurance benefits, and holding that the Plaintiff "has combined unrelated lawsuits resulting in a fraudulent misjoinder of claims to defeat this court's jurisdiction").

41. As *Texas Instruments* noted, *Nsight* illustrates the third situation of egregiousness in which an insured attempts to join its tort claims against tortfeasors arising out of the underlying malfeasance with contractual and extra-contractual insurance claims against its insurer. In these situations, the claims are found to be factually and legally unrelated to each other. Other courts in the Fifth Circuit considering analogous situations involving the joinder of first-party insurance claims with tort claims against the damage-causing tortfeasor have similarly found that such claims are fraudulently misjoined. *See JYC Enter. Inc.*, 230 F. Supp. 3d 734; *Morris*, 2016 U.S. Dist. LEXIS 81038, at \*9-15; *Tri-Miss Servs.*, 2012 U.S. Dist. LEXIS 163298; *Ortiz*, 2010 U.S. Dist. LEXIS 96495, at \*15-16; *Nsight Technologies, LLC*, 2009 U.S.

Dist. LEXIS 38556, at *5; *Deforneaux*, 2006 U.S. Dist. LEXIS 61550, at *4-5; *Madison Materials Co.*, 2004 U.S. Dist. LEXIS 31111, at *13; *Smith*, 268 F. Supp. 2d 777.

42.     Like the situation in *Nsight* and the other cases cited above, the claims against Travelers similarly fall within the third category of egregiousness. Citizens joined the tortfeasors, the Fraud Defendants, whose malfeasance allegedly caused Citizens a loss, with its insurer, Travelers, which may have insured against such loss, in one lawsuit. Because Citizens' insurance and bad faith claims against Travelers share no questions of law or fact with the tort claims against the Fraud Defendants, the claims are "factually and legally unrelated," and thus, the egregiousness test is met.

43.     Therefore, Citizens' claims against Travelers have been fraudulently misjoined with its claims against the Fraud Defendants. Thus, the citizenship of Montage, as the non-diverse defendant, may not be considered by this Court in determining the existence of federal diversity jurisdiction in this case. In fact, the citizenship of all the Fraud Defendants is irrelevant for all of the reasons discussed above, but Montage is the only non-diverse Fraud Defendant. When the Fraud Defendants' citizenships are ignored, only Travelers and Citizens remain, and Travelers is fully diverse from Citizens. This case is, therefore, properly removable to this Court on the basis of diversity jurisdiction. The claims against Travelers are to be severed from those against the Fraud Defendants. The claims against the Fraud Defendants then may properly be remanded to state court.

**2.     Traditional Fraudulent Joinder.**

44.     Under the traditional fraudulent joinder analysis, a defendant may remove a case to federal court if there is: (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts in the Fifth Circuit have reasoned that: "One consideration for determining whether there is any possibility of recovery against a forum defendant is whether the plaintiff truly intends to pursue the claims against that defendant." *Stone Mt. Access Sys. v. Southern Recycling, LLC*, No. 1:16-cv-194-HSO-RHW, 2016 U.S. Dist. LEXIS 194757, at *7 (S.D. Miss. Oct. 25, 2016); *see also Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) (holding that a court may find an improperly joined defendant based on "whether the plaintiff really intended to obtain a judgment against both defendants"). The rule rests on the assumption "that there can be no possibility of recovery against a defendant where a plaintiff does not intend to actively pursue a claim against that defendant." *Id*. Here, it is clear Citizens does not intend to pursue it claims against Montage because Montage has been in default since January 8, 2018, and Citizens has failed to take a default judgment.

45. The United States District Court for the Western District of Texas has previously considered whether a plaintiff's failure to tender discovery requests and failure to seek a default judgment are relevant considerations as to whether a plaintiff has any real interest in gaining a judgment against a non-diverse defendant. *See Rodriguez v. Casa Chapa S.A.*, 394 F. Supp. 2d 901, 908 (W.D. Tex. 2005). In *Rodriguez*, the Court considered a plaintiff's failure to seek discovery from a non-diverse defendant and failure to seek a default judgment in deciding whether the non-diverse defendant was improperly joined. *Id*.; *see also Stone Mt. Access Sys.*, 2016 U.S. Dist. LEXIS 194757, at *9 (concluding that the plaintiff's failure to seek a default judgment and failure to propound discovery on the non-diverse defendants were factors that weighed in favor of dismissing the non-diverse defendants as improperly joined). The Court concluded that the plaintiff's conduct in not seeking a default judgment and not propounding

discovery qualified as actual fraud, which would most certainly fall "into the ambiguous category that is outright fraud in pleading jurisdictional facts, as required to show improper joinder." *Id*. As such, the Court retained jurisdiction of the matter based on diversity jurisdiction.

46.     Here, Citizens filed the State Court Lawsuit on December 6, 2017. *See* Exhibit 1 at pp. 1, 5. Montage was served with process in the State Court Lawsuit on December 13, 2017. *See id*. at p. 34. As such, Montage's answer was due on January 8, 2018. But despite Montage's failure, and continual failure, to answer the State Court Lawsuit, Citizens has still not sought a default judgment against Montage. Nor does it appear that Citizens has tendered any discovery requests towards Montage during the nine months that the State Court Lawsuit has been pending. Thus, it is clear that Citizens has no real interest in gaining a judgment against the non-diverse defendant Montage.

47.     This conclusion is bolstered when considering that Montage and Citizens entered into multiple agreed orders in an accompanying garnishment action, Civil Action No. 2017-4072-5. True and correct copies of the agreed judgments are attached hereto as Exhibit 3 and incorporated herein by reference. The judgments provide that Citizens, Montage, and Montage's banks reached an agreement entitling Citizens to judgment, and ordering the banks to pay Citizens the total sum contained within Montage's bank accounts.[2] Because Montage has agreed to pay Citizens the entire amount of its bank accounts, it is likely that Citizens has already pursued recovery against Montage and does not intend to pursue any additional judgment or recourse against it. *See, e.g., Stone Mt. Access Sys.*, 2016 U.S. Dist. LEXIS 194757, at *9-10 (reasoning that both defendants being ordered to pay restitution to plaintiff in connection with

---

[2] An additional Agreed Judgment in the garnishment action is between Leslie, Citizens, and Leslie's bank, Wells Fargo Bank, N.A., in which it was agreed that Wells Fargo would pay $122,842.21 to Citizens from Leslie's garnished account. Because Leslie was a member, and likely the alter ego, of Montage, he would likely be liable for a judgment rendered against Montage. *See* Exhibit 3 at pp. 1 - 3.

the resolution of related state criminal proceedings weighed in favor of the defendants being improperly joined).

48.     Moreover, the State Court Lawsuit has been on file for approximately nine months. Citizens did not feel the need to join Travelers early on in the case despite the fact that Travelers denied coverage for Citizens' claim on May 25, 2018. It seems clear that Citizens decided to bring what should have been a new lawsuit against Travelers by merely amending its petition in the existing State Court Lawsuit to avoid the possibility of removal by Travelers.

49.     The factors of Citizens' failure to seek a default judgment, failure to tender discovery requests, and the agreed judgment to garnish Montage's bank accounts demonstrate that Citizens does not truly intend to pursue its claims against Montage. Therefore, the factors weigh in favor of dismissing Montage as improperly joined and retaining jurisdiction of this matter.

### C.     Amount in Controversy

50.     The Amended Petition states that Citizens submitted a claim under the Bond related to the phantom loans resulting in a loss of $3,872,745.00. Amended Petition at ¶ 29. The Amended Petition continues: "[Travelers' conduct in denying the claim] constitutes a breach of contract in that Travelers has failed to pay Citizens' covered claim under the terms of the bond. As a consequence, Citizens has suffered damages. Citizens is entitled to pursue all remedies and damages available to it for Travelers' wrongful conduct." *Id*. at ¶ 48. As such, Citizens alleges damages in its Amended Petition well in excess of $75,000, exclusive of interest and costs, satisfying the amount in controversy element of diversity jurisdiction. 28 U.S.C. § 1332(a).

## VII.
## OTHER PREDICATES FOR REMOVAL

51.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as it is filed within thirty days of August 15, 2018, the date Travelers was first served with process in the State Court Lawsuit. *See* Exhibit 2. This Notice of Removal is also filed within one year of the commencement of the State Court Lawsuit on December 6, 2017.

52.     As previously noted, in accordance with 28 U.S.C. § 1446(a), a true and correct copy of the entire record in the State Court Lawsuit, including Citizens' Amended Petition therein and all process, pleadings and orders served upon defendants in the State Court Lawsuit, is attached hereto. *See* Exhibit 1.

53.     As required by 28 U.S.C. § 1446(d), Travelers is this day filing with the Court in the State Court Lawsuit a true and correct copy of this Notice of Removal, giving notice that the State Court may proceed no further with respect to this action.

54.     By filing this Notice of Removal, Travelers does not intend to waive any defenses it may have to Citizens' claims.

WHEREFORE, Defendants Travelers Casualty & Surety Company of America and the Travelers Indemnity Company request that the Court accept jurisdiction over this case against them for the reasons set forth above, sever the claims against Travelers from the claims against Leslie, Montage, Snowberry, and MCM, and grant Travelers such other and further relief to which it has shown itself justly entitled.

Respectfully submitted,

*/s/ Michael Keeley*
MICHAEL KEELEY
Texas Bar No. 11157800
michael.keeley@clarkhillstrasburger.com
CARLA C. CRAPSTER
Texas Bar No. 24065094
Carla.craspter@clarkhillstrasburger.com
C. ADAM BRINKLEY
Texas Bar No. 24098954
adam.brinkley@clarkhillstrasburger.com
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas 75202-3794
(214) 651-4300
(214) 651-4330 Fax


**ATTORNEYS FOR DEFENDANTS
TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA AND THE
TRAVELERS INDEMNITY COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record this the 17th day of August, 2018, via electronic mail.


*/s/ Michael Keeley*
Michael Keeley