UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CITIZENS STATE BANK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| MICHAEL SCOTT LESLIE, MONTAGE MORTGAGE, LLC, SNOWBERRY SETTLEMENTS, LLC, MORTGAGE CAPITAL MANAGEMENT, LLC, TRAVELERS BOND AND SPECIALTY INSURANCE, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and THE TRAVELERS INDEMNITY COMPANY, | § § § § § § § § § § § § | 6:18-cv-237 |
| Defendants. | § | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND/OR, ALTERNATIVELY, MOTION TO STRIKE OF DEFENDANTS TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA AND THE TRAVELERS INDEMNITY COMPANY AND, TO THE EXTENT NECESSARY, OF NON-EXISTENT ENTITY DEFENDANT TRAVELERS BOND AND SPECIALTY INSURANCE**

Defendants, Travelers Casualty & Surety Company of America ("Travelers Casualty") and The Travelers Indemnity Company ("Travelers Indemnity") and, to the extent necessary, the non-existent entity Defendant "Travelers Bond and Specialty Insurance" ("Travelers Bond"), hereby file this Memorandum in Support of their Motion to Dismiss and/or, Alternatively, Motion to Strike, pursuant to Federal Rules of Civil Procedure 12(b)(6) or, alternatively, 12(f), seeking to dismiss each of Plaintiff Citizens State Bank's ("Citizens") claims against Travelers Indemnity and Travelers Bond or alternatively, to strike Travelers Indemnity and the non-existent entity Travelers Bond as Defendants from Citizens' Third Amended Original Petition (the "Petition") because neither Travelers Indemnity nor Travelers Bond issued the insurance

___

policy sued upon and because Travelers Bond is a non-existent entity, and would respectfully show the Court as follows:

# I.
# NATURE OF CASE

1.      This is an insurance coverage dispute in which Citizens seeks coverage under a SelectOne+ for Community Banks/Financial Institution Bond with Extended Coverages, Bond No. 105912142 (the "Bond"), for losses Citizens allegedly incurred. Attached as Exhibit A, and incorporated herein by reference, is a true and accurate copy of the Bond incorporated into Citizens' Petition by reference in paragraphs 22, 29, 31, 48, and 50. Courts may examine documents incorporated into the petition by reference in ruling on a 12(b)(6) motion. *See Lormand v. US Unwired, Inc*., 565 F.3d 228, 251 (5th Cir. 2009) ("In addition to accepting all of the factual allegations in the complaint as true, courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matter of which a court may take judicial notice."); *see also Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470, n.3 (5th Cir. 2016).

2.      Although the Bond was issued to Citizens by Defendant Travelers Casualty, Citizens also named as defendants in this matter Travelers Indemnity and the non-existent entity Travelers Bond. Citizens refers to the above identified Defendants collectively as the "Travelers Defendants." Citizens alleges that it purchased "an insurance policy from one or more of the Travelers Defendants . . . ." Petition p. 3, ¶ 22. Moreover, Citizens alleges that Travelers Bond is an assumed name of Travelers Indemnity or Travelers Casualty. Petition p. 3, ¶ 8. But, the non-existent entity Travelers Bond is not a separate legal entity, nor is it an assumed name of either Travelers Casualty or Travelers Indemnity. Instead, it is a business unit of the Travelers

Companies, Inc. Therefore, the non-existent entity Travelers Bond is not a lawful entity with any legal existence, and thus it may not be sued.

3. Citizens filed suit in state court on December 6, 2017, and amended the pleadings to include the non-existent entity Travelers Bond on July 17, 2018, and include Travelers Casualty and Travelers Indemnity on July 30, 2018. Defendants, Travelers Casualty and Travelers Indemnity timely removed the case to this Court on August 17, 2018.

## II
## STATEMENT OF FACTS

4. The Petition is devoid of any allegations that could give rise to any recovery in favor of Citizens against Defendant Travelers Indemnity or against the non-existent entity Defendant Travelers Bond. Citizens alleges that Travelers' failure to pay Citizens' claim under the Bond constitutes a breach of contract, and that Travelers' conduct constitutes bad faith under the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Petition, pp. 16-18, ¶¶ 48-51. Citizens' does not, however, identify which Defendant allegedly breached the contract or acted in bad faith, instead Citizens asserts the claims against Travelers Casualty, Travelers Indemnity and the non-existent entity Travelers Bond collectively. But, as is apparent from the face of the Bond itself, Defendant Travelers Casualty issued the Bond, not Travelers Indemnity and not the non-existent entity Travelers Bond. Despite the reference to the "Travelers Defendants" in the Petition, it is clear that Citizens seeks recovery on the Bond and that its suit is based on not receiving payment on its claim: "The conduct of Travelers constitutes a breach of contract in that Travelers has failed to pay Citizens' covered claim under the terms of the bond." Petition, p. 17, ¶ 48.

5. Travelers Casualty, as the issuer of the Bond, is the only proper defendant to this action. If Citizens is entitled to any recovery herein (which Defendants deny), it is from

Travelers Casualty, not from Travelers Indemnity and not from the non-existent entity Travelers Bond, neither of which are parties to the Bond.

## III.
## ARGUMENT

**A.  Travelers Indemnity and the Non-Existent Entity Travelers Bond are not Proper Parties to the Suit.**

6. Defendants, Travelers Casualty, Travelers Indemnity, and, to the extent necessary, the non-existent entity Defendant Travelers Bond, seek dismissal of each of Citizens claims against Travelers Indemnity and against the non-existent entity Travelers Bond.

7. Under Federal Rule of Civil Procedure 12(b)(6), a complaint can be dismissed for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a), on its terms, requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief' . . . but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[w]hile a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Moreover, to survive a Rule 12(b)(6) motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. And, although the court must accept well-pleaded facts as true, this is inapplicable to legal conclusions. *Id*. at 555-56. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

8. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also the grounds on which the claim rests." *Twombly*, 550 U.S. at 555, n.3.

9. To survive a motion to dismiss, Citizens' factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

10. Despite the reference to the "Travelers Defendants" in the Petition, it is clear that Citizens seeks recovery on the Bond and that its suit is based on not receiving payment on its claim: "The conduct of Travelers constitutes a breach of contract in that Travelers has failed to pay Citizens' covered claim under the terms of the bond." Petition, p. 17, ¶ 48. Travelers Casualty, as the issuer of the Bond, is the only proper defendant to this action. If Citizens is entitled to any recovery herein (which Defendants deny), it is from Travelers Casualty, not from Travelers Indemnity or from the non-existent entity Travelers Bond, neither of which are parties to the Bond sued upon. Under Texas law, an essential element of a claim for breach of contract is the existence of a valid contract between two or more parties. *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 739 (Tex. Ct. App. – Fort Worth 2008, pet. dism'd). When a defendant is not a party to the contract he cannot be held liable for any breach that may have occurred. *See, e.g., Mortberg v. Litton Loan Servicing, L.P.*, No. 4:10-CV-668, 2011 U.S. Dist. LEXIS 108388, at *10-11 (E.D. Tex. Aug. 30, 2011) (finding a defendant could not be liable for breach of contract, since it was not a party to the note and deed of trust).

11. Accordingly, because Travelers Indemnity and the non-existent entity Travelers Bond are not parties to the Bond and otherwise did not issue the Bond, there is no privity of contract between Citizens and Travelers Indemnity or between Citizens and the non-existent entity Travelers Bond, Citizens cannot allege a plausible breach of contract claim against Travelers Indemnity or against the non-existent entity Travelers Bond, or any claim which is dependent upon the insurer-insured relationship, including claims for bad faith damages. Because Travelers Indemnity and the non-existent entity Travelers Bond did not issue the Bond to Citizens, they had no obligations under the Bond and thus could not have breached the Bond. For the same reasons, they owed no duty of good faith and fair dealing to Citizens regarding any alleged coverage under the Bond. *See, e.g., DiNoto v. USAA Cas. Ins. Co.*, No. H-13-2877, 2014 U.S. Dist. LEXIS 141057, at *9-11 (S.D. Tex. Sept. 30, 2014). As such, Citizens' assertions that Travelers Indemnity and the non-existent entity Travelers Bond breached the contract and breached their duty of good faith fails to state a claim upon which relief can be granted, and therefore, Citizens' claims against them should be dismissed.

12. Therefore, the Petition fails to state a claim upon which relief can be granted against Travelers Indemnity and against the non-existent entity Travelers Bond. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Travelers Casualty, Travelers Indemnity, and, to the extent necessary, the non-existent entity Defendant Travelers Bond, move for dismissal of each of Citizens' claims against Travelers Indemnity and against the non-existent entity Travelers Bond for failure to state a claim upon which relief can be granted.

**B.     Travelers Bond is not a Legal Entity.**

13. In addition to not being a party to the insurance contract, Defendant Travelers Bond is not a legal entity. Nor is it an assumed name of Travelers Casualty or Travelers

Indemnity. Instead, it is a business unit of the Travelers Companies, Inc.

14. Travelers Casualty issued the Bond to Citizens. Indeed, the Declaration page of the Bond shows that only Travelers Casualty issued the Bond. *See* Exhibit A at page 1 of 9. Although Item 3 of the Declaration page provides that all notices of claim or loss may be mailed to "Travelers Bond & Specialty Insurance Claim," this is merely a business unit of the Travelers Indemnity Companies, Inc., listed on the Declaration page only as a recipient for purposes of notice, and is not listed as a separate legal entity that may be sued. *Id*. Moreover, Citizens appears to recognize that "Travelers Bond and Specialty Insurance" is not a separate legal entity: "Travelers Bond and Specialty Insurance is an assumed name of Travelers Indemnity Company and or Travelers Casualty and Surety Company of America." Petition, p. 3, ¶ 8.

15. Because the non-existent entity Travelers Bond is not a corporate entity with a legal existence capable of being sued, Citizens' claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Smith v. Bexar Cnty. Sheriff's Office*, No. SA-15-CA-8-RP, 2015 U.S. Dist. LEXIS 73094, at *27 (W.D. Tex. Apr. 23, 2015) (dismissing all claims asserted against non-existent defendants because the defendants were not legal entities capable of being sued).

16. In addition, or alternatively, Travelers Indemnity and the non-existent entity Travelers Bond should be stricken as Defendants from Citizens' Petition pursuant to Federal Rule of Civil Procedure 12(f) because neither Travelers Indemnity nor Travelers Bond issued the insurance policy sued upon and because Travelers Bond is only a business unit of the Travelers Indemnity Companies, Inc. and, as such, the naming of Travelers Indemnity and the non-existent entity Travelers Bond as Defendants is immaterial to this lawsuit.

## IV.
## RELIEF SOUGHT

For the foregoing reasons, Movants respectfully request this court to dismiss Citizens' claims against Travelers Indemnity and Travelers Bond, or alternatively, to strike Citizens' claims against Travelers Indemnity and Travelers Bond, and to grant such other and further relief, both at law and in equity, to which Movants are justly entitled.

Respectfully submitted,

*/s/ Michael Keeley*
MICHAEL KEELEY
Texas Bar No. 11157800
michael.keeley@clarkhillstrasburger.com
CARLA C. CRAPSTER
Texas Bar No. 24065094
Carla.craspter@clarkhillstrasburger.com
C. ADAM BRINKLEY
Texas Bar No. 24098954
adam.brinkley@clarkhillstrasburger.com
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas 75202-3794
(214) 651-4300
(214) 651-4330 Fax

**ATTORNEYS FOR DEFENDANTS TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA AND THE TRAVELERS INDEMNITY COMPANY, AND, TO THE EXTENT NECESSARY NON-EXISTENT ENTITY TRAVELERS BOND AND SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record this the 5th day of September, 2018, via the Court's CM/ECF System.

                                      */s/ Michael Keeley*
                                      Michael Keeley