UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CITIZENS STATE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | § | 6:18-cv-237-ADA-JCM |
| | § | |
| Defendant. | § | |

**TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA'S
MOTION TO STRIKE PLAINTIFF'S RULE 26(a)(2) EXPERT DISCLOSURES AS TO
CERTAIN OPINIONS OF DAVID E. ABSHIER AND
TO PRECLUDE HIS TESTIMONY AS TO THOSE OPINIONS**

Defendant, Travelers Casualty and Surety Company of America ("Travelers"), files this Motion to Strike Plaintiff's Expert Disclosures as to Certain Opinions of David E. Abshier and to Preclude His Testimony as to Those Opinions (the "Motion").[1] Prior to filing this Motion, counsel for the parties conferred in good faith concerning the relief sought. However, counsel for Citizens is not willing to withdraw its Rule 26(a)(2) Disclosure as to the opinions of Citizens' expert made the subject of this Motion.

## I.     INTRODUCTION

This lawsuit concerns Travelers' denial of Citizens' claim for coverage under an insurance policy that included a Financial Institution Bond with Extended Coverages (the "Bond"). SF ¶¶ 1-2. In particular, Citizens' claim arises from its purchase of participation interests in twelve fraudulent/phony loans from Montage Mortgage, LLC ("Montage") (the

---

[1] In support of this Motion, Travelers is filing a supporting Appendix, with a Statement of Facts and supporting deposition testimony and other documentary evidence. Facts listed in the Appendix will be cited as "SF __."

"Montage Loans"). SF ¶¶ 2-3. For each of the Montage Loans, Citizens must show that (1) Citizens itself, (2) its authorized representative, or (3) a correspondent "Financial Institution," as defined by the Bond, had actual physical possession of the *original*, signed promissory note or original signed mortgage/deed of trust (hereafter, the "Note and Mortgage") before Citizens purchased a participation interest in such loan. SF ¶ 5. In addition, Citizens must prove that it relied on the genuineness of the original signed Note or Mortgage at the time it purchased a participation interest in such loan. *Id.* Citizens concedes that it never had possession of original signed Notes or Mortgages it committed to purchase, or wired the funds for the purchase, of any of the twelve Montage Loans. SF ¶¶ 13-14.

In an attempt to satisfy the possession of signed originals condition precedent in the Bond, Citizens alleges that Snowberry Settlements, LLC ("Snowberry"), a Montage affiliate whom Montage designated as the purported closing agent for the Montage Loans, served as Citizens' authorized representative, despite Citizens having no relationship, agreement or communications with Snowberry and despite no true closings having occurred as to the Montage Loans. SF ¶¶ 15, 22-23, 25-26, 31. To bolster its position, Citizens' Rule 26(a)(2) Disclosures listed David E. Abshier ("Abshier") as an expert witness to testify as to the following three matters: (1) whether Snowberry was an authorized representative of Citizens based on industry standards at the time; (2) whether the underwriting process for Citizens' TMPP was reasonable based on the policies and practices at the time; and (3) whether Montage and Snowberry are "Financial Institutions." SF ¶ 7. Citizens also produced the Expert Report of David E. Abshier, which contains opinions regarding these matters. SF ¶ 8.

## II. SUMMARY OF THE MOTION

By this Motion, Travelers asks the Court to strike the disclosure of Abshier as to the first and third matters listed in the Disclosures: (1) whether Snowberry was an authorized representative of Citizens as to the Montage Loans, and (2) whether Montage and Snowberry are "Financial Institutions." Travelers also asks that Abshier be precluded from testifying as to these matters or offering opinions on them. These opinions invade the province of the jury and also invade the province of this Court in applying the law to the undisputed facts of this case and the unambiguous language of the relevant policy provisions. Abshier, a non-lawyer, with no legal or insurance background or expertise, attempts to offer legal opinions and conclusions about coverage issues and ultimate facts. But the law does not permit expert witnesses to opine on legal issues—such issues are within the province of the Court to determine. Nor do the rules of evidence permit an expert to offer conclusions about coverage issues and ultimate facts, especially when they would not be helpful to the trier of fact. Abshier's opinion on the authorized representative issue also ignores the undisputed facts, which establish that Citizens had no agreements or communications with Snowberry or any relationship at all with Snowberry, much less an agency relationship, and that no real closings occurred in connection with the Montage Loans, which involved Notes and Mortgages that the purported borrowers never signed but instead contained forgeries by Michael Scott Leslie ("Leslie"), who controlled Montage and Snowberry.

Admitting opinion testimony by Abshier that Montage and Snowberry were "Financial Institutions" would violate the parol evidence rule. The Bond contains an unambiguous definition of "Financial Institution" listing six specific types of institutions that maintain deposit accounts, such as banks, that qualify. Both Citizens and Abshier have conceded that neither

Montage nor Snowberry is one of these six specific types of institutions. Abshier nevertheless opines that Montage performs services similar to one of these types of institutions and so therefore qualifies under the Bond's definition. Not only is his opinion irrelevant and contrary to the facts and a legal conclusion involving an insurance coverage issue, but admitting testimony as to this opinion would violate the parol evidence rule.

Travelers asks the Court to strike Citizen's disclosure of Abshier as to these two subject matters and to preclude him from testifying on these issues.

### III. ARGUMENT AND AUTHORITIES

Rule 702 of the Federal Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Citizens, as the proponent of Abshier's testimony, bears the burden to prove that he is qualified under Rule 702. *Lassberg v. Barrett Daffin Frappier Turner & Engel, L.L.P*., No. 4:13-CV-00577, 2014 WL 12659958, at *1 (E.D. Tex. Sept. 18, 2014). In particular, an expert must possess the necessary "knowledge, skill, experience, training, or education" to render testimony on a specific issue under Rule 702. FED. R. EVID. 702. Moreover, Rule 702 further requires the proponent of expert testimony to demonstrate that the expert testimony is both relevant and reliable. *See Daubert v. Merrill Dow Pharms., Inc.,* 509 U.S. 579, 590 (1993); *see also Black v. Pan Am. Labs., LLC,* No. A-07-CA-924-LY, 2009 WL 10669562, at *3 (W.D. Tex. May 13, 2009). Assuming the expert testimony is relevant, the Court must determine whether there exists "appropriate validation" or "good grounds" for same. *Daubert,* 509 U.S. at 590. In sum, the

proponent of expert testimony must satisfy the "standard of evidentiary reliability" under *Daubert*. *Id.*

### A. Abshier's Opinions Regarding Whether Snowberry was an Authorized Representative of Citizens are Neither Relevant Nor Reliable

Citizens seeks recovery under Insuring Agreement (E) of the Bond, which requires that Citizens prove that it gave value on the faith of an original, written document containing a forged signature. SF ¶ 5. As a condition precedent to establishing reliance on an original forged document, Citizens must prove that for each of the Montage Loans one of the following had "actual physical possession" of the original signed Note or Mortgage prior to Citizens purchasing a participation interest in the Montage Loans: (1) Citizens itself; (2) its authorized representative; or (3) its correspondent financial institution. *Id.*; *see BancInsure v. Marshall Bank, N.A.*, 453 F.3d 1073, 1075-76 (8th Cir. 2006); *Republic Nat'l Bank of Miami v. Fid. & Deposit Co. of Maryland*, 894 F.2d 1255, 1262-63 (11th Cir. 1990); *RTC v. Aetna Cas. & Sur. Co. of Ill.*, 831 F. Supp. 610, 618-19 (N.D. Ill. 1993); *Bank of Bozeman v. BancInsure, Inc.*, No. CV-08-05-BU-CSO, 2009 WL 10677441, at *5 (D. Mont. July 29, 2009), *aff'd*, 404 F. App'x 117 (9th Cir. Nov. 19, 2010); *see also Ohio Sav. Bank v. Progressive Cas. Ins. Co.*, 521 F.3d 960, 964 (8th Cir. 2008) ("Actual physical possession of the mortgage is a condition precedent because a prudent bank will examine the document's authenticity."). Conceding that Citizens itself did not possess the original signed Note or Mortgage prior to wiring the purchase funds, SF ¶¶ 13-14, Citizens alleges that Snowberry and Montage were its authorized representatives. SF ¶ 15. Citizens designated Abshier to provide expert testimony that Snowberry (not Montage) was Citizens' authorized representative. SF ¶ 7. However, Abshier's testimony regarding this issue is inadmissible under Rule 702. Abshier's opinion that Snowberry was Citizens' authorized

representative constitutes (1) a legal opinion, inadmissible in and of itself, and which Abshier in any event is simply not qualified to render, (2) a conclusion as to an ultimate fact that would not aid the fact finder in fulfilling its role in determining the facts, and thus is irrelevant; and (3) an unreliable conclusion that ignores the relevant facts. Accordingly, Abshier's testimony on this issue should be precluded.

> **1. Abshier's Opinion Pertaining to Snowberry's Purported Status as Citizens' Authorized Representative is a Legal Conclusion and a Conclusion as to an Ultimate Fact**

In the context of Insuring Agreement E of the Bond, an "authorized representative" is an agent for the insured. *See Bank of Bozeman,* 404 F. App'x at 118; *RTC v. Aetna*, 831 F. Supp. at 618-19; *Nat'l City Bank v. St. Paul Fire & Marine Ins. Co*., 447 N.W.2d 171, 176 (Minn. 1989). Thus, Abshier's opinion that Snowberry was Citizens' "authorized representative" in connection with the Montage Loans necessarily involves a legal opinion/conclusion that a principal-agent relationship existed between Citizens and Snowberry. But it is well-established that legal opinions and legal conclusions are not proper under Rule 702. "Legal opinions and conclusions are not a proper subject of expert testimony because they do not assist the jury in understanding the evidence, but merely tell the jury what result to reach." *Morris v. Equifax Info. Servs., LLC,* No. CIV.A.H-04-423, 2005 WL 5976334, at *2 (S.D. Tex. Jan. 19, 2005) (citing *Estate of Sowell v. U.S.,* 198 F.3d 169, 171–72 (5th Cir.1999)); *see also* S*nap–Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir.1996) (an expert is not permitted to offer a conclusion of law); *Lassberg*, 2014 WL 12659958, at *3 ("an expert witness may not offer opinions that amount to legal conclusions."). If not a legal conclusion, then Abshier's "authorized representative" opinion as to Snowberry is certainly a conclusion as to an ultimate fact, and thus inadmissible under subpart (a) of Rule 702, which requires that to be admissible an expert's opinions must actually aid the

fact finder in fulfilling its role in determining the facts. Abshier's authorized representative/agent opinion fails this test.

Nor are coverage opinions a proper subject of expert testimony. *See Found. Health Servs., Inc. v. Zurich Am. Ins. Co.*, No. CV 15-59-JJB-EWD, 2016 WL 1449678, at *2 (M.D. La. Apr. 13, 2016). The "interpretation of an insurance policy is an issue of law decided by the court, rather than an issue of fact." *Id*. (quoting *Levitz Furniture Corp. v. Houston Cas. Co*., No. CIV. A. 96-1790, 1997 WL 218256, at *7 (E.D. La. Apr. 28, 1997)). Yet, Abshier intends to testify that Snowberry was an "authorized representative" of Citizens within the meaning of Insuring Agreement E of the Bond. This is improper expert testimony. Rule 702 requires the proponent of expert testimony to establish that the expert possesses the necessary "knowledge, skill, experience, training, or education" to provide testimony on a specific issue. Here, Abshier's professional experience is in the financial services industry. SF ¶ 10. He is not an attorney and has no academic background, training or professional experience in the insurance industry. SF ¶¶ 11-12. Abshier candidly admits that he is not qualified to give legal opinions and is not an insurance expert. SF ¶ 12. Thus, Abshier is not even qualified to give legal opinions or conclusions or to opine on insurance coverage matters, so his opinions and any related testimony should be precluded for this reason as well.

**2. Abshier's Conclusory Opinion that Snowberry was Citizens' Authorized Representative Also Ignores Key Facts and is Unreliable**

Abshier's conclusory opinion that Snowberry was Citizens' authorized representative also ignores the relevant facts and fails the requirement of reliability. An expert's subjective opinion that "it is so" without appropriate validation is unreliable and thus inadmissible. *See, e.g., Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997); *see also Viterbo v. Dow Chem. Co.,* 826

F.2d 420, 424 (5th Cir. 1987). This Latin idiom, *ipse dixit,* represents a long-standing federal evidentiary principle upon which this Court should exclude Abshier's opinion. "Conclusory opinions by designated experts lack the requisite evidentiary reliability mandated by Rule 702 because they fail to set forth a discernable methodology." *Gen. Star Indem. Co. v. Sherry Brooke Revocable Tr.*, 243 F. Supp. 2d 605, 626 (W.D. Tex. 2001). "Neither *Daubert* nor the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *Id.*

Abshier's Report fails to provide any discernable methodology or logical explanation for concluding that Snowberry was Citizens' authorized representative. Instead, Abshier merely references certain functions that are generally provided by a title company or settlement agent, and states "[the] transfer of funds from Citizens to Snowberry in order to close relevant Subject Loans *indicates* that Snowberry was an authorized representative of the Bank." Ex. 3, Report, p. 14 (emphasis added). This opinion is entirely conclusory, and Abshier's Report fails to demonstrate how Snowberry – *Montage's* closing agent per the parties' Administration Agreement[2] – purportedly providing title and settlement services for *Montage*, the lender, could have created an agency relationship with *Citizens*. *See id*. This conclusion is no more than a subjective opinion that "it is so," and is therefore inadmissible. Further, although Abshier purports to base his opinion on "industry standards,"[3] banking industry practices have been held irrelevant to the interpretation of Insuring Agreement E. *See Bank of Bozeman*, 2009 WL 10677441, at *5 n. 1; *BancInsure v. Marshall Bank, N.A.*, 400 F. Supp. 2d 1140, 1143 (D. Minn. 2005), *aff'd*, 453 F.3d 1073 (8th Cir. 2006).

---

[2] SF ¶ 20.
[3] *See* Ex. 3, Report, p. 12.

Abshier also ignores the relevant facts relating to the Montage Loans, including the lack of any written or oral agreements or communications between Snowberry and Citizens, that Montage identified and selected Snowberry as the loan closer, that Snowberry never agreed to serve as Citizens' authorized representative, that Citizens never provided closing instructions to Snowberry, that the wiring instructions sent to Citizens were provided by Montage, and that there were no real closings in connection with the Montage Loans.[4] *See* SF ¶¶ 21, 24-26. This renders his opinion on this issue fundamentally flawed and unreliable and thus inadmissible.

B.  **Abshier's Opinions That Montage and Snowberry are "Financial Institutions" are Irrelevant and Would Violate the Parol Evidence Rule**

Citizens has also designated Abshier to opine, in part, as to whether Montage and Snowberry are "Financial Institutions," in an obvious attempt to satisfy the Bond's condition precedent requirement of possession of original signed Notes or Mortgages. Ignoring the unambiguous definition of "Financial Institution" in the Bond, which lists six types of institutions as qualifying as financial institutions, Abshier opines that Montage somehow meets the definition because it provided lending services consistent with those of a bank or savings and loan association." SF ¶ 34. Abshier further opines that Montage and Snowberry qualify as financial institutions under "relevant financial institution regulatory guidelines," namely a portion of the Patriot Act that contains a listing of "financial institutions." SF ¶ 35. These opinions, in addition to being totally irrelevant, would violate the parol evidence rule if allowed into evidence.

---

[4] In his deposition, Abshier disingenuously sought to characterize the wiring instructions for the Montage Loans – which were sent to Citizens by Montage – and wire confirmations as written "agreements" between Snowberry and Citizens. Abshier Depo 89/24-91/1, 93/6-17, 94/11-15, 97/3-98/17.

Under Texas law, which applies to this case, an unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imparts. *See David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008). The parol evidence rule is a rule of substantive law, and evidence admitted in violation of the rule is incompetent, without probative force and cannot properly be given legal effect. *Sivertson v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Backed Certificates WAMU Series 2007-HE2 Tr.*, No. 4:18-CV-169-ALM-CAN, 2019 WL 2519222, at *6 (E.D. Tex. Apr. 22, 2019). The Bond defines "Financial Institution," in relevant part, as "a bank, trust company, savings bank, credit union, savings and loan association, or similar thrift institution." SF ¶ 32. Both the Bank and Abshier admit that Montage and Snowberry are none of these things, all of which accept deposits from the public and maintain deposit accounts. SF ¶ 33. Abshier admits that he bases his conclusion that Montage is nevertheless a "Financial Institution" on "language [that] is not specifically in the bond." SF ¶ 34. This opinion is irrelevant, constitutes an improper legal conclusion and an improper opinion as to an insurance coverage matter.

In an attempt to broaden the unambiguous policy term, Abshier relies on 31 U.S.C. §5312(a)(2) in concluding that Montage and Snowberry are financial institutions as defined by the statute and thus by financial institution regulatory guidelines. SF ¶ 35. This statute is part of the Patriot Act, which was enacted to deter international money laundering and the financing of terrorism. *Id.*; *see also* 31 U.S.C. §5311. It bears no relevance to the issue of whether Montage and Snowberry are "Financial Institutions" as defined by the Bond and is offered in violation of the parol evidence rule. *See, e.g., Cargill, Inc. v. Nat'l Union Fire Ins. Co.*, No. A03-187, 2004 WL 51671, at *14 (Minn. Ct. App. Jan. 13, 2004) (concluding that broad definition in a statute

that exists for an entirely different purpose had no bearing on the policy's unambiguous term). As noted previously, banking industry practices have been held irrelevant to the interpretation of Insuring Agreement E. All testimony from Abshier as to whether Montage and Snowberry are "Financial Institutions" should be precluded.

## IV. CONCLUSION AND PRAYER

As demonstrated above, Abshier's opinions concerning whether Snowberry was Citizens' authorized representative and whether Montage and Snowberry are "Financial Institutions" do not satisfy the standards for admissibility under Rule 702 as clarified by *Daubert*. His opinions on these issues are legal conclusions, opinions as to insurance coverage matters, and conclusions as to ultimate facts that would confuse rather than assist the jury. They are also unreliable because they ignore relevant facts, and their admissibility would violate the parol evidence rule.

Travelers therefore prays that this Court grant this Motion and enter an order striking Citizens' Rule 26(a)(2) Expert Disclosures relating to David E. Abshier as to the following subject matters: (i) whether Snowberry Settlements, LLC, was Citizens' authorized representative; and (ii) whether Montage Mortgage, LLC, or Snowberry Settlements, LLC, are "Financial Institutions." Travelers further requests an order precluding Citizens from offering expert testimony at trial or otherwise from David E. Abshier relating to either of these matters.

Respectfully submitted,

*/s/ John R. Riddle*
MICHAEL KEELEY
Texas State Bar No. 11157800
michael.keeley@clarkhillstrasburger.com
JOHN R. RIDDLE
Texas State Bar No. 16890200
john.riddle@clarkhillstrasburger.com
C. ADAM BRINKLEY
Texas Bar No. 24098954
adam.brinkley@clarkhillstrasburger.com
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, TX 75202-3794
(214) 651-4300
(214) 651-4330 Fax

**ATTORNEYS FOR DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on all counsel of record, as listed below on October 30, 2019, via the Court's CM/ECF System:

Christopher B. Trowbridge
ctrowbridge@bellnunnally.com
Kristopher D. Hill
khill@bellnunnally.com
BELL NUNNALLY & MARTIN LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201

*/s/ John R. Riddle*
John R. Riddle