IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CITIZENS STATE BANK,** § | | |
| *Plaintiff,* § | | |
| § | | **CIVIL NO. 6-18-CV-00237-ADA** |
| v. § | | |
| § | | |
| **MICHAEL SCOTT LESLIE,** § | | |
| **MONTAGE MORTGAGE, LLC,** § | | |
| **SNOWBERRY SETTLEMENTS, LLC,** § | | |
| **MORTGAGE CAPITAL** § | | |
| **MANAGEMENT, LLC, TRAVELERS** § | | |
| **BOND AND SPECIALTY** § | | |
| **INSURANCE, TRAVELERS** § | | |
| **CASUALTY & SURETY COMPANY** § | | |
| **OF AMERICA, THE TRAVELERS** § | | |
| **INDEMNITY COMPANY,** § | | |
| *Defendants.* § | | |

## ORDER DENYING DEFENDANT TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA'S APPEAL OF MAGISTRATE JUDGE'S ORDER

Before the Court is Defendant Travelers Casualty & Surety Company of America's (hereafter "Travelers" or "Defendant") Appeal of Magistrate Judge's Order Granting in Part and Denying in Part Traveler's Motion to Strike Plaintiff's Rule 26(a)(2) Expert Disclosures. After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Defendant's Appeal should be **DENIED**.

### I. BACKGROUND

This is an insurance coverage dispute involving Citizens State Bank's ("Citizens") purchase of participation interests in twelve fraudulent mortgage loans from Montage Mortgage, LLC ("Montage"). Several players, which included Montage, Michael Scott Leslie, Snowberry Settlements, LLC ("Snowberry"), and Mortgage Capital Management, engaged in a scheme that

1

involved Citizens purchasing fake mortgage interests from Montage through Citizens' Temporary Mortgage Participation Program ("TMPP"). After discovering the fraud, Citizens sued Travelers for its losses under a Financial Institution Bond with Extended Coverage (the "Bond"). In order for Plaintiff to recover under the Bond, Plaintiff must, in part, prove that one of the following had "actual physical possession" of the original signed Note or Mortgage prior to Plaintiff purchasing a participation interest in Defendant Montage's Loans: (1) Citizens itself; (2) Plaintiff's "representative authorized to possess" the documents; or (3) its correspondent financial institution. *See* Magistrate's Order, ECF No. 53 at 4. In an attempt to satisfy this requirement, Citizens listed David E. Abshier ("Abshier") as an expert witness to testify in part as to whether Snowberry was an authorized representative of Citizens and whether Montage and Snowberry are "financial institutions." Travelers subsequently filed a motion to strike these opinions. *See* ECF No. 39.

After a thorough review of the motion, United States Magistrate Judge Manske's Order granted in part and denied in part Travelers' Motion. *See* ECF No. 53. Now Travelers objects to the part of the Order denying the Motion with respect to Abshier's opinion that "Snowberry was an authorized representative of Citizens." Def.'s Appeal of Magistrate's Order, ECF No. 62 at 3. Specifically, Travelers argues that the Magistrate "erroneously found that Travelers' 'objection to Abshier's opinions regarding whether Snowberry was an Authorized Representative of Plaintiff go[es] to the weight of Abshier's testimony and not its admissibility.'" *Id*.

## II. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure and Rule 4(a) of Appendix C of the Local Rules provide that the Court shall modify or set aside any part of the Magistrate's Order if it is shown that the order is clearly erroneous or contrary to law. *See also* 28 U.S.C. §

636(b)(1)(A). The Magistrate's legal conclusions are subject to *de novo* review. *See Lahr v. Fulbright & Jaworski LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) ("The magistrate judge's legal conclusions are freely reviewable. The district judge applies a *de novo* standard, and reverses if the magistrate judge erred in some respect in her legal conclusions."). "The 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision." *Id*.

### III. ANALYSIS

Travelers argues the Magistrate's holding is clearly erroneous and contrary to law for three reasons: (1) expert testimony is inadmissible to interpret an unambiguous term or phrase in a contract; (2) Abshier's testimony constitutes an inadmissible legal conclusion; and (3) Abshier's testimony is unreliable because it is not based upon sufficient facts. Each argument will be discussed in turn.

**A. Defendant Misconstrues the Magistrate's Holding**

Travelers first takes issue with the Magistrate's conclusion denying the Motion on the basis that "the Bond is silent as to the meaning of authorized representative and because the Court construes the question of who would have been a representative authorized to possess the Loan Documents on behalf of Plaintiff as a matter of trade practice." Def.'s Obj. at 3. Defendant argues that because the contract is unambiguous, as neither Plaintiff nor the Magistrate argued it was ambiguous, "trade usage" should not be used in determining the meaning of a contract. *Id.* at 4. Instead, Travelers argues that terms in an insurance contract are given their plain, ordinary and generally accepted meaning, not a "trade usage" meaning. *Id.*

*i. Travelers' Argument that the Bond Requires All-Purpose Agency is Unavailing*

As an initial matter, Travelers appeal really concerns the Magistrate's conclusion that the "Bond does not require all-purpose agency, but instead merely requires Snowberry to be a

"representative authorized to possess the Loan Documents on behalf of the Insured."[1] Order at 5. Travelers continues to assert that the custom language of its Bond ("representative authorized to possess) carries the same meaning as the industry's Standard Form Bond, despite the fact that the Standard Form Bond requires possession by the Insured or its "authorized representative" with no limitation of authority to mere possession of the Loan Documents. *See* Appeal at 4. However, Travelers argument is unavailing for the following reasons.

First, the cases Travelers cites for its' proposition that the Bond requires all-purpose agency are readily distinguishable.[2] *Resolution Trust, Bank of Bozeman,* and *Minneapolis* all involved the broader Standard Form language of "authorized representative." *See Resolution Tr. Corp.*, 831 F. Supp. at 613; *Bank of Bozeman*, 2009 WL 10677441, at 3; *Minneapolis*, 447 N.W. 2d at 175. Furthermore, *Telemon* and *Stop & Shop* did not involve a financial institution bond whatsoever. *See Telamon*, 850 F.3d at 868; *Stop & Shop*, 136 F.3d at 72. Therefore, the cases cited by Travelers are not relevant to the issue at hand and are "unhelpful or even irrelevant." *First Nat'l Bank of Manitowoc v. Cincinnati Ins. Co.*, 485 F.3d 971, 978 (7th Cir. 2007).

Second, a careful reading of the Bond and the Policy at issue clearly demonstrate that all-purpose agency is not required to satisfy the possession requirement of the Bond. The Bond and the Policy use the word "agent" over 30 times and the term "authorized representative" 7 times. *See* Pl.'s Response to Def.'s Appeal, ECF No. 73 at 4. Importantly, neither of these terms appear

---

[1] The Court believes this argument is more appropriately addressed in a motion for summary judgment. However, because such a determination does impact whether Abshier's testimony is admissible, the Court will briefly address Traveler's argument on this issue.

[2] The cases are: *Resolution Tr. Corp. v. Aetna Cas. & Sur. Co. of Illinois*, 831 F. Supp. 610 (N.D. 1993); *Bank of Bozeman v. BancInsure, Inc.*, No. CV-08-05-BU-CSO, 2009 WL 10677441 (D. Mont. July 29, 2009); *Nat'l City Bank of Minneapolis v. St. Paul Fire & Marine Ins. Co.*, 447 N.W.2d 171 (Minn. 1989); *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 850 F.3d 866, 868 (7th Cir. 2017); and *Stop & Shop Companies, Inc. v. Fed. Ins. Co.*, 136 F.3d 71 (1st Cir. 1998).

in the possession clause of the Bond. App. 129.[3] Instead, Travelers used custom language and requirement of possession by "a correspondent Financial Institution or other representative authorized to possess [the Loan Documents] on behalf of the Insured." App. 129. Thus, "[R]epresentative authorized to possess" cannot mean the same as Citizens' "agent" or "authorized representative," or Travelers would have used such language as it did throughout the Policy and the Bond. *See, e.g., DaimlerChrysler Motors Co., LLC v. Manuel*, 362 S.W.3d 160, 185 (Tex. App.—Fort Worth 2012, no pet.) ("It is not reasonable to interpret both terms . . . to have the same meaning as that would render one or the other term meaningless or redundant."); *see also Penncro Assocs., Inc. v. Sprint Spectrum, L.P.*, 499 F.3d 1151, 1156 (10th Cir. 2007) ("When a contract uses different language in proximate and similar provisions, we commonly . . . assume that the parties' use of different language was intended to convey different meanings."). Therefore, the Court rejects Travelers' argument concerning the possession requirement of the Bond.

    ii.    *Abshier's Testimony Does not Contradict the Terms of the Bond*

Travelers argues that the Magistrate's "holding that Abshier's testimony is admissible as evidence of trade usage is clearly erroneous and contrary to law." Appeal at 5. Because the contract is unambiguous, Travelers argues that extrinsic evidence, such as Abshier's testimony, is inadmissible. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 485–86 (Tex. 2019) ("when a contract is unambiguous, we do not consider outside evidence, including industry custom and usage, to *alter* or *contradict* the terms.") (emphasis added).

Although Plaintiff is correct that terms are given their plain, ordinary and generally accepted meaning, how a term is used in the relevant industry or trade is useful to aid the Court's

---

[3] All references to "App. __" refer to the sequentially numbered pages found in Citizens' Appendix in Support of Its Response to Travelers' Motion to Strike Expert Disclosures as to Certain Opinions of David E. Abshier and to Preclude Testimony as to Those Opinions. ECF No. 43–1.

legal determination of whether Snowberry or Montage is a "representative authorized" to possess the Loan Documents. Here, Plaintiff's expert is attempting to do just that.

"A term not specifically defined by an insurance policy must be given its plain, ordinary and generally accepted meaning, unless consideration of the policy itself shows it to have been used in a different sense." *Mescalero Energy, Inc. v. Underwriters Indem. Gen. Agency, Inc.*, 56 S.W.3d 313, 321 (Tex. App.—Houston [1st Dist.] 2001, no pet.). "Nevertheless, extrinsic evidence may 'be admissible to give the words of a contract a meaning consistent with that to which they are reasonably susceptible, *i.e.,* to 'interpret' contractual terms.'" *Id*. "In particular, a specialized industry or trade term may require extrinsic evidence of the commonly understood meaning of the term within a particular industry." *See National Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 521 n. 6 (Tex. 1995) (noting that extrinsic evidence may be consulted in determining the commonly understood meaning of terms within a particular "place, vocation, trade, or industry"); *see also Mescalero Energy, Inc.*, 56 S.W.3d at 323–324 (noting that "many courts have used expert definitions to determine the meaning of specialized terms before deciding whether an instrument is ambiguous.").

In this case, Abshier is not providing a coverage opinion or attempting to alter the express meaning of the contract at issue here. Instead, Abshier is explaining that in the commercial context of a loan-participation transaction, Snowberry's roles and responsibilities, as closing agent, would have included (a) the responsibility to ensure the transaction was completed properly and (b) the authorization to hold the original loan documents at closing on behalf of the participating bank. *See* App. at 326:17–327:15, 333:24–334:16, 347:2–348:14. Abshier's testimony does not alter or contradict the terms of the Bond. *Id.* What Abshier's testimony does provide is an explanation concerning the relevant course of dealing and industry context of a

loan-participation transaction. *Id.* Such testimony informs the Court of the meaning of the Loan Participation Coverage Travelers sold to Citizens. *See Chase Manhattan Bank v. First Marion Bank*, 437 F.2d 1040, 1046 (5th Cir. 1971) (finding that "[e]vidence of course of dealing and usage of trade was necessarily and properly admissible to explain, qualify, or supplement the provisions of this written agreement.").

Because expert testimony is not explicitly barred when a contractual term is unambiguous, and because Abshier's testimony is helpful to the trier of fact, the Court agrees with the Magistrate's conclusion that his testimony should be permitted.

### B. Abshier's Testimony's is Not an Inadmissible Legal Conclusion

Travelers again argues, as it did before the Magistrate's ruling, that Abshier's testimony is inadmissible because it is a legal conclusion. Appeal at 7. Specifically, Travelers claims that Snowberry must have been an "agent" to satisfy the Bond's possession requirements. *Id.*

However, as the Court previously discussed, the plain language of the bond does not support this assertion. Thus, Abshier's testimony is not contradicting the term used in the contract—representative authorized to possess—but rather, he is explaining the industry-standard roles of a title company and closing agent in the context of a commercial loan-participation transaction. Moreover, Abshier is not providing a coverage opinion. Therefore, the Court finds that Abshier's testimony is not an inadmissible legal conclusion.

### C. Travelers' Argument Goes to Weight, Not Admissibility

Travelers' contends that Abshier's testimony is unreliable as it is not based on sufficient facts, but instead on his mere speculation. Appeal at. 9. Conversely, Citizens argues, and the Magistrate concluded that such an argument goes to the weight of the evidence, not its admissibility. The Court concurs.

Questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility. *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). Moreover, "the rejection of expert testimony is the exception rather than the rule." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294 (5th Cir. 2019). Because Travelers argues that Abshier's testimony ignores relevant facts, such an argument goes to the weight that should be afforded to his opinion. Thus, the Court agrees with the Magistrate's conclusion that Travelers' arguments concerning Abshier's reliability go to the weight of the evidence, not its admissibility.

## IV.     CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant Traveler's Appeal of Magistrate Judge's Order (ECF No. 62).

**SIGNED** this 5th day of March 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE