IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CITIZENS STATE BANK,** *Plaintiff,* v. **MICHAEL SCOTT LESLIE, MONTAGE MORTGAGE, LLC, SNOWBERRY SETTLEMENTS, LLC, MORTGAGE CAPITAL MANAGEMENT, LLC, TRAVELERS BOND AND SPECIALTY INSURANCE, TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY,** *Defendants.* | § § § § § § § § § § § § § § § § § | **CIVIL NO. 6-18-CV-00237-ADA** |

## ORDER DENYING TRAVELER'S OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

Before the Court is Defendant Travelers Casualty and Surety Company of America's ("Travelers") Objections and Motion to Strike Plaintiff's Summary Judgment Evidence (the "Motion"). ECF No. 60. Plaintiff Citizens State Bank ("Citizens") filed a response to the Motion on February 26, 2020. ECF No. 74. After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Defendant's Motion should be **DENIED**.

### I. BACKGROUND

This is an insurance coverage dispute involving Citizens State Bank's ("Citizens") purchase of participation interests in twelve fraudulent mortgage loans from Montage Mortgage, LLC ("Montage"). Several players, which included Montage, Michael Scott Leslie, Snowberry Settlements, LLC ("Snowberry"), and Mortgage Capital Management, engaged in a scheme that involved Citizens purchasing fake mortgage interests from Montage through Citizens'

1

Temporary Mortgage Participation Program ("TMPP"). After discovering the fraud, Citizens sued Travelers for its losses under a Financial Institution Bond with Extended Coverage (the "Bond"). In order for Plaintiff to recover under the Bond, Plaintiff must, in part, prove that one of the following had "actual physical possession" of the original signed Note or Mortgage prior to Plaintiff purchasing a participation interest in Defendant Montage's Loans: (1) Citizens itself; (2) Plaintiff's "representative authorized to possess" the documents; or (3) its correspondent financial institution. *See* Magistrate's Order, ECF No. 53 at 4.

On January 13, 2020, Citizens moved for partial summary judgment arguing that Citizens meets the Bond's requirements of "on the faith" reliance and "good faith" conduct. ECF No. 48. In support of its motion for partial summary judgment, Citizens submitted the Affidavit of Scott Leslie and the declaration of Harold E. Allison. *Id.* Travelers filed the current motion to strike certain statements made in both the Leslie affidavit and the Allison declaration. *See* Mot. at 1, ECF No. 60. Citizens filed a timely response on February 26, 2020. ECF No. 74.

## II.     ANALYSIS

### A. Leslie Affidavit

Travelers argues the Leslie Affidavit should be struck because "it is unreliable, unfairly prejudicial, unauthenticated, contains inadmissible hearsay, lacks foundation, is conclusory, and provides inadmissible legal opinions. Mot. at 3.

*1.     Leslie's Assertion of His Fifth Amendment Rights Does Not Render the Affidavit Inadmissible.*

Travelers first argues the Court should strike the Leslie Affidavit because Leslie invoked the Fifth Amendment at his deposition. Mot. at 4–5. In essence, Travelers invokes the "sword-and-shield" doctrine that prohibits a party from proceeding with its lawsuit while invoking its Fifth Amendment rights to deprive the opposing party of information needed to prepare a

2

defense. *See Studesville v. Buck*, No. 2:13-CV-254-J, 2014 WL 12597817, at *2 (N.D. Tex. Aug. 25, 2014) (striking testimony of witness that used the Fifth Amendment as both a sword and a shield). The Leslie Affidavit provides testimony concerning Citizens' purchase of participation interests in loans from Montage Mortgage, LLC and testimony concerning Montage's and Snowberry Settlements, LLC's legal relationship with Citizens. In short, Leslie admits in the affidavit to his fraudulent scheme involving various entities he owned and Citizens. *See* ECF No. 48–1, Exhibit B.

The "sword-and-shield" doctrine prohibits a party from proceeding in a lawsuit while invoking its Fifth Amendment rights to deprive the other party of information needed to prepare a defense. *See Wehling v. Columbia Broad Sys.*, 608 F.2d 1084, 1087 (5th Cir. 1979). Thus, the purpose behind the doctrine is one of fairness—a party cannot invoke its Fifth Amendment rights to gain an unfair advantage over the opposing party. *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 549 (5th Cir. 2012).

In this case, however, the sword-and-shield doctrine is not applicable. The affidavit in question comes from neither Travelers nor Citizens. Instead, Scott Leslie, a third party, is the affiant. Thus, because Leslie is not a *party* to the lawsuit, the sword-and-shield doctrine is simply not applicable in this case.[1]

2.     *The Leslie Affidavit is Self-Authenticating Under Rule 902(8)*

Travelers also argues that the Leslie Affidavit "has not been authenticated." ECF No. 60 at 5. However, under Federal Rule of Evidence 902(8), "[a] document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public . . . is self-

---

[1] Moreover, the Court agrees with Citizens that the Leslie Affidavit does not implicate the same principles of unfairness necessary for reliance on the sword-and-shield doctrine. Both parties sought to question Leslie on contents of his affidavit at his deposition. He refused to answer both parties' questions. Because neither *party* invoked its Fifth Amendment rights to gain an unfair advantage, the Court believes the doctrine does not apply here.

authenticating." FED. R. EVID. 902(8). The Leslie affidavit contains a certificate of acknowledgment and a notary public lawfully executed the affidavit. *See* ECF No. 48–1 at 385–86. Therefore, the Court finds that the document is self-authenticating in accordance with Federal Rule of Evidence 902(8).

  *3. Defendant's Hearsay Argument is Inapplicable at the Summary Judgment Stage*

Travelers next contends that "the Leslie Affidavit contains inadmissible hearsay." ECF No. 60 at. 5–6. Travelers does not specify which statements in the Affidavit it believes are hearsay statements. Instead, Travelers contends "the Leslie Affidavit is plainly an out of court statement that Citizens is offering to prove the truth of the matters asserted therein." *Id.* Thus, Travelers is challenging the affidavit because affidavits, by their very nature, are out-of-court statements.

Although Travelers is technically correct that the Leslie affidavit is an out-of-court statement, the Court may nevertheless consider the affidavit as competent summary judgment evidence provided the affidavit itself does not include hearsay statements. *See* Fed. R. Evid. 802 (advisory committee notes); *see also The Four Greatest Myths About Summary Judgment*, 52 Wash. & Lee Law Rev. 1523, 1525–1544 (Winter 1996). Because the Leslie Affidavit does not include hearsay statements (at least none the Court was directed too), Travelers argument is without merit.

  *4. The Leslie Affidavit Does Not Lack Foundation and Does Not Contain Legal Conclusions*

Travelers next argues that the Leslie Affidavit lacks foundation because nothing in the affidavit indicates that Leslie had personal knowledge of the facts he testified to. ECF No. 60 at 6. Additionally, Travelers contends that the Leslie Affidavit contains an inadmissible legal

conclusion because Leslie states that he was acting as a "representative" of Montage and Citizens. *Id.* at 7. The Court finds neither contention persuasive.

First, Leslie testifies that "I have personal knowledge of the facts stated herein and they are true and correct." ECF No. 48–1 at 385. Moreover, Leslie owned and operated Montage and Snowberry. Because the entities themselves cannot act, it makes sense that Leslie performed the several acts he describes in the affidavit. *See, e.g.,* "I directed Citizens . . .," I created a transaction . . . ." *Id.* at 385–86. Thus, the Court finds the agrees with Citizens that the Leslie Affidavit does not lack foundation.

Additionally, the Court finds the Affidavit does not contain an inadmissible legal conclusion. Travelers complains of the following language in the affidavit: "[w]hen the Subject Loans were ready for funding, Snowberry was in possession of the original Closing Documents, including an executed promissory note and mortgages, which were held for the benefit and as the representative of Montage and Citizens and I directed Citizens to wire the Closing Funds to Snowberry in order to fund such Subject Loans." ECF No. 48–1 at 385–86. Leslie does not seek to provide an ultimate legal conclusion; rather, Leslie explains the complicated business relationship between his two companies and Citizens. Further, Leslie describes the acts performed by the two companies in connection with and furtherance of the business relationship with Citizens. In short, Leslie explains the fraudulent scheme he orchestrated using his two companies and his business relationship with Citizens. Leslie is not, as Travelers suggests, offering an opinion as to whether Montage or Snowberry is an "authorized representative" as defined under the Bond. *See id.* He is simply explaining how the fraud was perpetuated on Citizens. Therefore, the Court finds the Leslie Affidavit does not contain an inadmissible legal conclusion.

**B. Allison Declaration**

Travelers also moves to strike the statements from the Allison Declaration arguing: (1) paragraphs 3, 6–7, and 11–13 lack foundation; (2) paragraphs 6–7 and 11–14 contain legal and ultimate fact conclusions; and (3) paragraph 12 contains inadmissible hearsay. Mot. at 8–9. The Court will address each argument in turn.

> 1. *Paragraphs 3, 6–7, and 11–13 of the Allison Declaration Do Not Lack Foundation and Paragraphs 6–7 and 11–14 Do Not Contain Indamissible Legal and Ultimate Fact Conclusions.*

Travelers first contends that the Allison Declaration lacks foundation because paragraphs 3, 6–7, and 11–13 contain inadmissible conclusions and opinions that are unsupported by the facts. ECF No. 60 at 8. More specifically, Travelers argues Allison has no knowledge of "what Montage and Snowberry did with respect to closing the loans" and, therefore, "Allison is speculating about what should have happened versus what actually happened . . . ." *Id.* The Court disagrees.

First, Travelers glosses over the fact that Allison testifies, "Every statement made in this Declaration is made on my personal knowledge and is true and correct." ECF No. 48–1 at 5. Additionally, the statements made in the challenged paragraphs are not the type of statements in which Allison is testifying about what should have happened. He testifies, based on his position as President and CEO of Citizens, what occurred during the fraudulent scheme orchestrated by Leslie. Thus, Allison does not speculate at any point in the challenged paragraphs.

Travelers also argues that paragraphs 6–7 and 11–14 contain "inadmissible legal conclusions and conclusions as to an ultimate fact." ECF No. 60 at 8–9. For the reasons stated in Citizens' Response to Travelers Motion to Strike, the Court finds that the paragraphs do not contain inadmissible legal conclusions. *See* ECF No. 74 at 8–10.

2. *Paragraph 12 Does Not Contain Inadmissible Hearsay*

Lastly, Travelers contends that paragraph 12 of the Allison Declaration contains inadmissible hearsay. ECF No. 60 at 9–10. Specifically, Travelers complains about the following sentence: "Before Citizens wired funds, Leslie represented (through Montage), and Citizens agreed, that Snowberry would serve as the authorized closing agent for each loan, and that Snowberry was authorized to possess the Loan Documents on behalf of Citizens." ECF No. 48–1 at 8, ¶ 12.

Citizens first argues that Travelers' argument is overboard and that only the words "Leslie represented" contain possible hearsay. ECF No. 74 at 10. In the alternative, Citizens argues that the Court may consider the statement for three reasons: (1) the statement is not hearsay because it shows the effect on Citizens who relied on the statement made by Leslie; (2) the Rule Against Hearsay doesn't apply because the statement introduces an operative fact; and (3) even if the statement is hearsay, it qualifies as an exemption to the Rule Against Hearsay under Rule 803(3). *Id.* The Court finds that the statement is not hearsay because it shows the effect on Citizens who relied on the statement and it is an operative fact.[2] *See United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018) ("Ordinarily, a statement is not hearsay if it is offered to prove the statement's effect on the listener."); *see also United States v. Porter*, 482 F.2d 933, 934 n. 5 (5th Cir. 1973) ("The hearsay rule does not apply to utterances introduced as operative facts."). Therefore, the Court rejects Travelers' argument that paragraph 12 contains inadmissible hearsay.

---

[2] However, the Court does not agree with Citizens that the statement falls under Rule 803(3). Rule 803(3), the state of mind exception to the Rule Against Hearsay, only applies when it is the speaker who makes the statement—not that of a third party. *See* FED. R. EVID. 803(3) (advisory committee notes). Therefore, the Court rejects this argument.

## III. CONCLUSION

Based on the foregoing, Defendant Traveler's Objections and Motion to Strike Plaintiff's Summary Judgment Evidence is **DENIED** (ECF No. 60).

**SIGNED** this 5th day of March 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE